This case affords an opportunity for me to express views held for thirty-three years duration, concerning what is labeled "assumption of risk." This so-called doctrine or rule is nothing more or less than a mythical device contrived many years ago to deprive industrial workers, and others, from recovery of damages suffered at the hands of others, more often than not in employment on-the-job situations.
It is axiomatic that one does not assume the risk of another's negligence. That being true, then if another be negligent and one is injured as the proximate result of that negligence but nonetheless is barred from recovery because with knowledge of a risk or danger he proceeds to act in the face of it, what indeed bars recovery? Contributory negligence is that which bars recovery, not assumption of risk.
The immediate riposte no doubt will be the ball park hypothetical. The answer: One does not assume the risk of the flying baseballs because one knows that the balls are apt to come in contact with the cranium; it is because the ball park owes no duty to protect against the risks inherent in the nature of the activity taking place at that time, on that occasion.